IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER ALLEN COLLINS, JR.,**

                    **Petitioner,**

      v.                          **CASE NO. 22-3208-JWL-JPO**

**TOMMY WILLIAMS[1],**

                    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which remains pending while the Court awaits the required information identified in the notice of deficiency mailed on September 26, 2022. (*See* Doc. 3.) The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Accordingly, the Court will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court.

**Background**

In February 2021, pursuant to a plea agreement, Petitioner pled guilty in the District Court of Sedgwick County, Kansas to one count of felony fleeing or attempting to elude a police officer. *State v. Collins*, 2022 WL 3132166, *1 (Kan. Ct. App. Aug. 5, 2022); *see also* Online Records of

---

[1] Petitioner did not identify a respondent in his petition. (Doc 1., p. 1.) In federal habeas challenges, the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held" because the warden is the "person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility, where Petitioner is confined, has been entered as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

1

Sedgwick County District Court, Case No. 2020-CR-002346-FE, hereinafter referred to as "online district court records." Specifically, Petitioner was convicted of violating K.S.A. 8-1568(b)(1)(E), which provides:

> (b) Any driver of a motor vehicle who knowingly fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to stop, and who:
>    (1) Commits any of the following during a police pursuit, shall be guilty [of a severity level 9, person felony]:
>       ….
>       (E) commits five or more moving violations[.]

K.S.A. 8-1568; *see also* online district court records.

The online records of the state district court reflect that additional charges against Petitioner were dismissed. *Id.* The district court granted dispositional departure and sentenced Petitioner to 12 months' probation with an underlying prison sentence of 17 months. *Collins*, 2022 WL 3132166, at *1. Petitioner appealed his sentence, and while his appeal was pending, he violated the terms of his probation. *See* online district court records. On July 11, 2022, the district court revoked Petitioner's probation and ordered him to serve the underlying prison sentence. *Id.*

On August 5, 2022, the Kansas Court of Appeals (KCOA) dismissed Petitioner's appeal, finding that Petitioner's sole appellate argument--that the district court should have sua sponte granted a durational departure--had not been raised in the district court and that Petitioner made no argument why the appellate court should consider it for the first time on appeal. *Collins*, 2022 WL 3132166, at *1. Petitioner did not file a petition for review by the Kansas Supreme Court, and the mandate in his case issued on September 16, 2022. *See* Online Records of the Kansas Appellate Courts, Case No. 124,590. On September 23, 2022, Petitioner filed in this Court his petition for writ of habeas corpus. (Doc. 1.)

**Initial Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

Although Petitioner identifies four Grounds for relief, they all appear to rest on the same premise: that Petitioner's conviction was illegal because he was driving an "automobile," not a "motor vehicle," a "commercial motor vehicle," a "motor carrier," or a "private motor carrier," as those terms are defined by statute. Ground One identifies federal statutes and Kansas administrative regulations defining these terms. (Doc. 1, p. 5.) Taking Petitioner's arguments out of order, Ground Three explains Petitioner's belief that the weight of the two vehicles he owned puts them within the legal definition of "automobiles" under federal statute, as opposed to the legal definition of "motor vehicles." *Id.* at 8. In Ground Four, Petitioner asserts that his vehicles were not motor carriers, private motor carriers, or commercial motor vehicles. *Id.* at 9.

In Ground Two, Petitioner argues that because he was driving an "automobile" at the time of the events that led to his conviction, his conviction was improper because the Kansas fleeing and eluding statute prohibits certain actions by "[a]ny driver of a motor vehicle." *Id.* at 6; *see also* K.S.A. 8-1568. In addition, he argues that the underlying moving violations that supported his conviction are "motor vehicle" offenses which he also could not have committed because he was not driving a motor vehicle at the relevant time. For example, one of the underlying moving violations was driving with a suspended driver's license. *See* online district court records. Kansas law provides that "[a]ny person who drives a motor vehicle on any highway of this state at a time when such person's privilege so to do is canceled, suspended or revoked . . . shall be guilty of a [misdemeanor]." K.S.A. 8-262(a)(1). Petitioner also asserts that because K.S.A. 8-1417 defines "driver's license" as "any license to operate a motor vehicle issued under the laws of this state," he was not required to have a

3

driver's license, as he was not operating a "motor vehicle." (Doc. 1, p. 6); *see also* K.S.A. 8-1417. Petitioner asks the Court to overturn his conviction and vacate his sentenced. (Doc. 1, p. 14.)

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

There is no indication that Petitioner has made the arguments in his current federal habeas petition to the KCOA. In his petition, he refers to a "Vacate Illegal Sentence Habeas Corpus § 2254" motion that he filed in state district court in his criminal case, which the district court decided on September 15, 2022. (Doc. 1, p. 10.) The online district court records reflect the denial of Petitioner's motion, but do not identify the grounds raised in the motion or the district court's reason for denying it. Moreover, although the petition asserts that Petitioner was appealing the denial of that motion, online records do not reflect that a notice of appeal has been filed. In addition, other avenues may remain available for Petitioner to exhaust his claims in state court. K.S.A. 22-3210 sets forth the procedure and time limitations for moving to withdraw a plea "to correct manifest injustice." The Court will not opine on the potential for success of such a motion; it merely notes it as an avenue that appears available to Petitioner.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

For the reasons stated above, the Court will direct Petitioner to show good cause in writing why this matter should not be dismissed without prejudice so that he may exhaust his claims in state court. If Petitioner files a response to this order, he should include in that response a description of the arguments raised in his most recent habeas motion in state district court and he should advise the Court whether he is pursuing an appeal of the denial of that motion. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including October 28, 2022, to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court.

**IT IS SO ORDERED.**

DATED:   This 28th day of September, 2022, at Kansas City, Kansas.


S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge